## HULSE v. TOWN OF GOSHEN.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

HIGHWAYS—OBSTRUCTIONS—PERSONAL INJURIES—PROXIMATE CAUSE.

　　The authorities of defendant town placed a rock two feet square for the purpose of protecting the fence at a point where a country highway turned at right angles, so that the track, which was about 11 feet wide, came near to the fence, which was apt to be struck by careless drivers. Plaintiff's horse was frightened by the barking of a dog, and veered to the side of the road, so that the wheel of plaintiff's vehicle struck the rock, scaring the horse, rendering him unmanageable, and injuring plaintiff's wife. The ·accident occurred about 4 o'clock in the afternoon. Plaintiff was familiar with the highway, and knew of the rock, which had been there for years. *Held,* that the rock was not the proximate cause of the accident.

Appeal from trial term, Orange county.

Action by John D. Hulse against the town of Goshen. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John M. Gardner, for appellant.

Henry Bacon (Joseph Merritt, on the brief), for respondent.

WOODWARD, J. The plaintiff was nonsuited, and upon this appeal is entitled to the most favorable construction which the jury might have placed upon the evidence; but, under this favorable rule, we are of opinion that the plaintiff has failed to establish facts entitling him to go to the jury. The action is to recover damages for the loss of services of the plaintiff's wife, who was injured in an accident alleged to have been due to the negligence of the defendant. Assuming that the pleadings and the evidence show that there was a large rock, approximately two feet square, within the highway limits of the town of Goshen, we are unable to discover from the evidence either that the rock was the proximate cause of the accident, or that it was negligence for the town to permit the rock to remain in the position shown by the evidence. The rock was placed at a point where the road turns at right angles, and was evidently placed there for the purpose of protecting the fence from careless drivers. The beaten track of the highway, which was about 11 feet wide at the turn, crowded the fence corner as closely as it could, considering the location of the rock which is alleged to have caused the accident, and it had remained in the position in which it was found on the day of the accident for a series of years. Its presence was known to the plaintiff, who had repeatedly driven over the road, and it was visible to every passer. The accident occurred about 4 o'clock in the afternoon.of a clear day, and, if the rock had anything to do with the misfortune which befell the. plaintiff and his wife, it was due to the fact that the horse, frightened by the barking of a dog, veered to the side of the road, causing the front wheel of the vehicle to strike the rock, scaring the horse and making him unmanageable. It is not negligence for a township or an individual to fail to provide against the possibility of accidents. The duty is

discharged when there has been an exercise of reasonable care to provide against the happening of accidents which might reasonably be expected to result. Where a rock has been placed at a road corner in a rural community for the obvious purpose of preventing collisions with the fence, which might be equally dangerous, it would be unreasonable to hold that an accident due to the presence of this rock, in connection with the frightening of the horse by the barking of a dog, constituted negligence on the part of the town. The rock was not the proximate cause of the accident. It would not have resulted in injury to the plaintiff, except for the fact that his horse was frightened, and crowded the vehicle out of the beaten track and against this rock, just as he might have run the wagon against the fence corner if the rock had not been there.

In the case of Coggswell v. Inhabitants of Lexington, 4 Cush. 307, cited in Jewhurst v. City of Syracuse, 108 N. Y. 303, 15 N. E. 409, the line of the highway was not indicated by any visible objects. The post which caused the accident, and which was something over two feet in height, was near the true line of the highway, and within the limits and general course and direction of the travel, and where travelers were accustomed to pass. There was nothing which reasonably indicated or gave notice to a traveler that the post was not within the way intended for public travel, that the post rendered the traveling dangerous, or that there was in fact a post at all. It stood out isolated and alone within the apparent boundaries of the general way of a village, in front of a public inn; and a stranger driving that way in the evening, knowing nothing of the presence of the post, came into contact with it, receiving injuries. The municipality was held liable. But that is quite a different case from the one presented by this record, where the facts were not only known to the plaintiff, but where they were perfectly obvious. The general lines of the highway were defined by a fence which turned at right angles, or nearly so; and the rock was placed at the turning point, close up to the fence, for the obvious purpose of preventing collisions with the fence. There was nothing about it which was intended to increase the dangers of the highway. There was no reason for anticipating that a dog would run out and frighten a horse, and cause him to bring a vehicle into contact with the rock, and that the horse would get beyond the driver's control, throwing out the occupants and causing injuries. This being true, it was not negligence on the part of the town authorities to permit this rock to remain where it was; and the learned court, in dismissing the complaint, upon the ground that the rock was not the proximate cause of the accident, merely discharged the duty imposed by the law upon those who are called upon to administer justice. While convinced that municipalities should be held to strict accountability for any negligence resulting in injury to others, to the end that that degree of care essential to public and private safety may be maintained, the burden of establishing negligence must ever remain upon the plaintiff; and the mere fact that an accident has happened is not evidence that the officers of a municipality have been negligent.

The judgment appealed from should be affirmed. All concur; BARTLETT, J., in result.