CULLEN, Ch. J., HAIGHT, VANN, WERNER, HISCOCK and CHASE, JJ., concur.

Judgment of conviction reversed, etc.

---

OSCAR H. SWEET, Respondent, v. CHARLES H. PERKINS et al., Appellants.

Negligence — proximate cause of accident — highways — improper use thereof, or encroachment thereon, by abutting landowner.

There may be more than one proximate cause of an accident, if each of the causes asserted can be seen to have been an efficient one, without which the injury resulting would not have been sustained. If the negligent acts of two or more persons concur in contributing to an accident, the injured person may hold them, jointly and severally, liable. Where concurrences in causes are charged the test is, simply, could the accident have happened without their co-operation. (Disapproving on this point, dicta in *Hulse* v. *Town of Goshen*, 71 App. Div. 436.)

The owner of the fee of the soil of a highway appropriated for the public easement is entitled to make a temporary use of the highway, if reasonably necessary for the proper utilization and enjoyment of his abutting property, provided that such use in no wise obstructs or encroaches upon public rights, or endangers the safety of travelers. If the use results in such obstruction of, or danger to, the public right of user, it is a nuisance in the eye of the law. The whole of the highway, as laid out and appropriated, is for the public use, and it is imma-

terial that but a part of it has been worked by the authorities. The rule relating to encroachments on highways is not confined in its operation to the track beaten by travelers; it embraces all parts of the highway. *Sweet* v. *Perkins*, 123 App. Div. 910, affirmed.

(Argued November 16, 1909; decided November 30, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 14, 1907, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Horace McGuire* for appellants. The alleged negligence of the defendants in placing the muck pile in the highway was not the proximate cause of the accident, and defendants' motion to dismiss the complaint upon that ground should have been granted. (*Hoffman* v. *King*, 160 N. Y. 628; Watson on Dam. for Personal Injuries, § 35; *Trapp* v. *McLellan*, 68 App. Div. 362; *Leeds* v. *N. Y. T. Co.*, 178 N. Y. 118; *Miller* v. *Bahmmuller*, 124 App. Div. 558.) The occupation of the highway by the defendants was reasonably necessary, and did not unreasonably interfere with the rights of the public in the highway; and the court erred in submitting that question to the jury. (*Callanan* v. *Gilman*, 107 N. Y. 360; *Hynes* v. *Estey*, 133 N. Y. 342; *Ring* v. *City of Cohoes*, 77 N. Y. 83; *McDonald* v. *M. S. Ry. Co.*, 167 N. Y. 66.)

*H. R. Durfee* for respondent. There was no error in the denial of the defendants' motion for a nonsuit based upon the ground that the pile of muck was lawfully in the highway. (*Harrower* v. *Retson*, 37 Barb. 301; *Wendell* v. *Mayor, etc.*, 39 Barb. 329; *Houghtailing* v. *Shelley*, 51 Hun, 598; *Cohen* v. *Mayor, etc.*, 113 N. Y. 532; *Wakeman* v. *Wilber*, 147 N. Y. 657; *Tinker* v. *N. Y., O. & W. R. R. Co.*, 157 N. Y. 312; *People* v. *Cunningham & Harris*, 1 Den. 524; *Welsh* v. *Wilson*, 101 N. Y. 254; *Callanan* v. *Gilman*, 107 N. Y. 360; *Flynn* v. *Taylor*, 127 N. Y. 596; *Murphy* v. *Leggett*, 164

N. Y. 121.) There was no error in the refusal of the court to dismiss the complaint upon the ground that the act of the defendants in placing in the highway the pile of muck with which the plaintiff came in contact was not the proximate cause of the injuries sustained by the plaintiff and that, therefore, he could not recover. ( *Webster* v. *H. R. R. R. Co.*, 38 N. Y. 260 ; *Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 628 ; *Ring* v. *City of Cohoes*, 77 N. Y. 83 ; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 283 ; *Cohen* v. *Mayor, etc.*, 113 N. Y. 532 ; *Phillips* v. *N. Y. C. & H. R. R. R. Co.*, 127 N. Y. 657 ; *Quill* v. *E. S. T. & T. Co.*, 92 Hun, 539 ; *Travell* v. *Bannerman*, 71 App. Div. 439 ; *Demarest* v. *F. S. S. R. R. Co.*, 104 App. Div. 503.)

Gray, J. This action was brought to recover damages for personal injuries, sustained by the plaintiff under the following circumstances. He was driving, in the evening, upon a country highway, which passed through a farm, occupied by the defendants, as the lessees of its owner. Within the limits of the highway, but some four feet, more or less, from the beaten track, or traveled part, the defendants had placed a quantity of muck, or manure ; making a pile about 170 feet in length, about 17 feet in width and from 4 to 5 feet in height. At this point in the highway, the plaintiff's horse became frightened by an approaching automobile, reared up and, swerving to the side of the way, ran upon the pile of muck with the wagon. The wagon was tipped over backward and the plaintiff was thrown out into the roadway. It is not important to consider, more particularly, the manner in which the plaintiff received his injuries. The evidence would support the verdict, which the plaintiff has recovered, upon the theory that the accident occurred as narrated by him, substantially as stated, and that he was, himself, not in fault.

There are two points, presented by the defendants upon their appeal, which, in view of a divergence in opinion below, appear to merit a brief discussion. It is argued that the defendants' pile of muck was not the proximate cause of the

accident and, therefore, that the complaint should have been dismissed upon their motion.   Unquestionably, it was not the sole cause of the accident.   The driving of the automobile and the presence of the pile of muck were two causes contributing to its occurrence and both were, in their nature, proximate.   There may be more than one proximate cause of an accident, if each of the causes asserted can be seen to have been an efficient one, without which the injury resulting would not have been sustained.   If the negligent acts of two, or more, persons concur in contributing to an accident, the injured person may hold them, jointly and severally, liable. Where concurrence in causes is charged, the test is, simply, could the accident have happened without their co-operation? (*Ring* v. *City of Cohoes*, 77 N. Y. 83; *Leeds* v. *N. Y. Tel. Co.*, 178 ib. 118).   In the case of *Hulse* v. *Town of Goshen*, (71 App. Div. 436), which the appellants cite, where the plaintiff's horse, becoming frightened by a dog, ran into a stone placed in the highway by the highway commissioners, the opinion incorrectly states the law upon this point.   It is there said that " the rock was not the proximate cause of the accident; it would not have resulted in injury to the plaintiff except from the fact that his horse was frightened and crowded the vehicle out of the beaten track and against this rock, just as he might have run the wagon against the fence corner if the rock had not been there ".   (p. 437.)   This observation, in the opinion, was not necessary to the decision of the case and is contrary to the rule of the decisions.   Had the highway commissioners, in that case, been guilty of a neglect of their duty, in the respect complained of, their act, because co-operating, would have been an efficient cause of the plaintiff's injury and would have subjected the town to a liability.

It is, also, argued by the appellants that their occupation of the highway, on the undisputed evidence, was reasonable and necessary, and that it was error to submit that question to the jury.   The charge of the trial judge, in submitting the question, was not excepted to; but we may assume, by reason of the division in opinion below, that the question is here upon

the exception to the denial of the motion to dismiss the com-
plaint, on the ground " that the muck pile was lawfully in the
highway, outside of the traveled portion." In that light, the
question is: Did the defendants, as the abutting occupants of
the farm land, in whom, or in whose lessor, was every interest
in the fee of the soil of the highway, not appropriated for the
public easement, have an unqualified right to make use of a
part of the highway, provided the use made did not infringe
upon the beaten track of the highway? I think that they did
not possess any such absolute right and that, in every case,
where the exercise of the right is disputed, it becomes a
practical question to be determined upon the facts. The
owner of the land over which a highway has been laid out,
still, possesses a right and an interest, which justify him in
protecting them against any unlawful trespass by another
upon the soil of the highway; or in seeing to the proper
maintenance, or adornment, of the wayside; or in doing any
act, with respect to it, which is subservient to, and not incon-
sistent with, ordinary highway uses and purposes. He is, also,
entitled to make a temporary use of the highway, if reason-
ably necessary for the proper utilization and enjoyment of his
abutting property; provided that such use in no wise obstructs,
or encroaches upon, public rights, or endangers the safety of
travelers. If the use results in such obstruction of, or danger
to, the public right of user, it is a nuisance in the eye of the
law. The whole of the highway, as laid out and appropriated,
is for the public use, and it is immaterial that but a part of it
has been worked by the authorities. The rule relating to
encroachments on highways is not confined in its operation to
the track beaten by travelers; it embraces all parts of the
highway. (See *Tinker* v. *N. Y., O. & W. Ry. Co.*, 157
N. Y. 312; *Callanan* v. *Gilman*, 107 ib. 360; Wood's Law
of Nuisances, sec. 248; Penal Code, sec. 385.)

The facts, which the defendants relied upon as justifying
their use of the highway for the deposit of their pile of muck,
were that they were obliged to remove it from their hog yard
because of the outbreak of hog cholera, in order to disinfect the

premises.   It was left upon the highway for about two months and their excuse was that there was no other place upon the farm where they could place it, before the crops had been harvested.   These facts, taken in connection with others, however, might lead reasonable minds to differ as to the necessity of the defendants' use of the highway and as to the reasonableness of the use actually made.   The farm comprehended 127 acres of land.   The hogs had been taken to another part of it.   The width of the highway was 49 feet between its fences and the muck pile, being 17 feet in width and extending to within three or four feet of the beaten track, took up about one-third of the highway.   The question was one of fact to be decided by the jurors, as practical men.   It was the duty of the trial court to submit to them the questions of necessity and of reasonable use, and no error was committed in refusing to decide them as questions of law.

For these reasons I think that the judgment should be affirmed.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed, with costs.