tion. * * * We ought not to interfere with the determination of the commissioners that it should be filled by competition; and if they had decided that the position should be filled without competition, equally ought we to refrain from interference. The position lies in that field where the action of the commission should be final."

I am of the opinion that the relator has not just ground for complaint against the defendants, that he has not shown a clear legal right to the writ, and that his motion should be denied.

Motion denied, with $30 cost.

Motion denied.

---

BOEHM v. HAMMOND & SLOANE, Inc., et al.

(Supreme Court, Appellate Division, Second Department. June 2, 1911.)

MUNICIPAL CORPORATIONS (§ 706*)—NEGLIGENCE—USE OF STREET—PLEADING —PROXIMATE CAUSE.

 The complaint against H. and K., alleging that H., while excavating a street, placed large rocks on a crosswalk, and plaintiff, while crossing the street there, was caused to step on one of them, and while he was on it defendant K. negligently drove a team against it, throwing plaintiff under the wagon wheels, injuring him, is not subject to demurrer by H., on the ground that its negligence was not the proximate cause of the accident; it fairly permitting the inference that the accident would not have occurred, except that the rock projected into the way far enough to be hit by the passing team, and that the collision of the team with it produced the conditions which resulted in the injury.

 [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

Appeal from Special Term, Kings County.

Action by Charles M. Boehm, an infant, by William C. Boehm, his guardian ad litem, against Hammond & Sloane, Incorporated, and Richard Knox. From an interlocutory judgment overruling its demurrer to the complaint, defendant corporation appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

George V. Mullan, for appellant.
Joseph A. Burdeau, for respondent.

WOODWARD, J. The complaint in this action alleges in substance that the defendant Hammond & Sloane, Incorporated, while engaged in excavating in the street at the corner of Pacific street and Underhill avenue, in the borough of Brooklyn, on the 27th day of August, 1907, caused certain large rocks to be negligently and carelessly placed upon the crosswalk at that point; that the plaintiff, an infant under 14 years of age, in the act of crossing the street at this place, was caused to step upon one of these rocks so negligently placed; and that while in this position the defendant Knox, through his servant and employé, negligently and carelessly drove a team, attached to a wagon, against the rock, throwing the plaintiff under the wheels of the wagon, and producing the injuries for which this action is brought. The de-

fendant Hammond & Sloane, Incorporated, demurs to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action as against it. The demurrer has been overruled, and appeal comes to this court.

The appellant urges that the complaint is defective against it, on the ground that its alleged negligence was not the proximate cause of the accident; that it resulted solely from the negligence of the driver of the defendant Knox's team. If the complaint had alleged that the team came into collision with the plaintiff at this point, it would, no doubt, have been open to the objection urged. It would have been clear that the same accident might have happened if the plaintiff had been at the same point without the presence of the rock on which he stood. But the complaint does not so state. It alleges that the plaintiff was caused to step upon the rock in the act of crossing the street, and that while upon this rock the team came into collision with this large rock, and that this threw the plaintiff under the wheels, causing the injury. We think the complaint fairly permits of the inference that the accident would not have occurred, except that the rock projected into the way far enough for it to be hit by the passing team, and that the collision of the wagon with the rock produced the conditions which resulted in the plaintiff's injuries—that they were the efficient concurring causes of the particular accident which has befallen the plaintiff. Under the liberal rules of pleading now in vogue, as against a demurrer, this complaint is clearly good, and it does not appear to be necessary to distinguish the authorities. It would be difficult to distinguish Sweet v. Perkins, 196 N. Y. 482, 90 N. E. 50, from the case at bar, so far as the principle is concerned, and it would not be profitable to take up time in the effort.

The interlocutory judgment appealed from should be affirmed, with costs. All concur.