(85 Misc. Rep. 45)

### ZORN v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

1. HIGHWAYS (§ 196*)—INJURIES IN STREETS—PROXIMATE CAUSE.

While plaintiff was running his automobile truck along a highway, the gutter of which was being paved by defendant under contract with the city, the truck struck an uneven stone five or six inches in diameter, which was between two piles of stone placed along the side of the road by defendant, which caused plaintiff to lose control of the machine and run into a bank of dirt, and before he could regain control the machine ran into one of the stone piles. There were nine piles of stone along the sides of the road, about 75 feet apart, with a clear space of roadway of about 21 feet, and the street at that point was sufficiently lighted, and plaintiff knew of the presence of the stone piles. *Held*, that any negligence by defendant in maintaining the stone piles, or in not sufficiently lighting them, was not a proximate cause of the injury.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 483, 494–497; Dec. Dig. § 196.*]

2. HIGHWAYS (§ 200*)—OBSTRUCTION OF STREETS—OBSTRUCTIONS FOR REPAIRS.

A city could authorize the temporary placing of stone piles along a highway by a contractor for the purpose of repairing the gutters, and the contractor, as a licensee, would not be liable for any injuries resulting therefrom, providing he exercised due care for the protection of the public from danger by collision therewith.

[Ed. Note.—For other cases, see Highways, Cent. Dig. § 509; Dec. Dig. § 200.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of The Bronx, First District.

Action by Charles H. Zorn against the City of New York and Dayton Hedges. From a judgment of the Municipal Court for plaintiff, against Hedges, the latter appeals. Reversed, and new trial granted.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

James F. Donnelly, of New York City, for appellant.
Henry G. K. Heath, of New York City, for respondent.

BIJUR, J. Plaintiff was guiding his automobile truck along City Island Road, north, after 8 o'clock of an August evening. Defendant was then engaged, under a contract with the city, in repairing the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

highway, namely, paving the gutter. There were nine piles of granite stones along the side of the road, about 75 feet apart, but there was a clear space of about 21 feet of roadway. The truck was running 2 or 3 feet from the line of the piles, and was itself about 5 feet wide, so that there were some 13 feet of clear space to the chauffeur's left. Between the eighth and ninth piles the truck struck a round, uneven stone 5 or 6 inches in diameter, whereupon the chauffeur lost control of the steering gear and ran into the ninth pile, causing damage to the truck, for which recovery has been had in this action.

[1] In the first place, it is conceded that there is no evidence that defendant was responsible for the presence of the round stone in the highway, and the statement in the respondent's brief as to this stone, "which had *evidently* been thrown out with other stones and dirt from the place where the excavation for the gutter had been made," is purely gratuitous.

On the question whether this round stone was the sole proximate cause of the damage, or whether the pile of granite blocks was not an equally efficient concurrent cause, I think that the case of Sweet v. Perkins, 196 N. Y. 482, 90 N. E. 50, must be regarded as decisive that both were efficient causes. See, also, Ring v. City of Cohoes, 77 N. Y. 83, 33 Am. Rep. 574. The present case, however, differs from the Sweet Case, in that in the latter a pile of manure deposited in the highway by the defendant was a nuisance. In the present case the deposit of the granite blocks upon the highway was expressly authorized by the city, and thus ceased to be a nuisance.

[2] As the stone was placed in the highway for a legitimate public purpose, the city had the right to authorize its temporary presence under adequate precautions. Cohen v. Mayor, 113 N. Y. 532, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506. Consequently, it being clear that the piles of stone were placed in the highway—

"with the consent of the proper municipal officers, the rule of liability relaxes its severity, and rests upon the ordinary principles governing actions of negligence. The person receiving the license is held to impliedly agree to perform the act permitted with due care for the safety of the public, and is made liable for any violation of duty in this regard. * * * When conditions, whether expressed or implied, are annexed to the license, substantial compliance therewith is essential to the protection of the licensee; but consent and compliance relieve the owner from the imputation of trespassing in doing the act consented to, and place him in the position of one liable for negligence only." Babbage v. Powers, 130 N. Y. 281, 286, 287, 29 N. E. 132, 134 (14 L. R. A. 398); Clifford v. Dam, 81 N. Y. 52, 56; Wolf v. Kilpatrick, 101 N. Y. 146, 4 N. E. 188, 54 Am. Rep. 672; Village of Port Jervis v. First Nat. Bank, 96 N. Y. 550, 556.

See, also, Village of Seneca Falls v. Zalinski, 8 Hun, 571.

The contract between the city and defendant contained the following requirements:

"During the performance of the work proper guards shall be placed upon and around the same for the prevention of accidents, and at night suitable and sufficient lights shall be put up and kept lighted from sunset to sunrise, by the contractor. * * * The contractor shall place proper guards for the prevention of accident, and shall put up and keep at night suitable and sufficient lights where necessary, during the delivery of materials and supplies, to prevent accident or injuries to the person or property of another."

There is a conflict in the testimony as to whether there was a lighted red lantern on the last pile. There is no doubt that there was a lighted white lantern on the second pile. The road is illuminated by electric arc lights, one of which was only 30 yards distant from this ninth pile. Plaintiff testified that he could see the road ahead of him for 50 or 60 feet. It seems plain to me, therefore, that the appellant had ample authority from the city to deposit the stone on the highway for a legitimate public purpose, and that he had at least substantially complied with the terms of the permission by having the same *suitably* lighted. The action was, therefore, properly tried—as it seems to have been—as one based upon the alleged negligence of the appellant. The negligence claimed by the plaintiff is failure to suitably light the obstruction. Assuming that this reasonable precaution was not conclusively shown to have been taken by defendant, nevertheless the failure was not the cause of the accident.

Plaintiff testified that he had passed along this road during the afternoon, and was aware of the presence of these piles of stone, and was, as he says, at the time of the accident, "using extra precaution." He could see the stones on the roadway 50 or 60 feet ahead of him. Moreover, he says:

"We struck a small stone on the edge of the road 5 or 6 inches in diameter, which took the starting bar out of my hands and put me into a bank of dirt which was thrown up from an excavation, *and before I could control it or get it out,* it crashed into a big pile of paving stones."

It is evident, therefore, that the accident occurred, not through plaintiff running into a pile of paving stones which he could not see, because of the absence of suitable or sufficient lights where necessary, but because he struck a stone for the presence of which defendant was not responsible, and thus lost control of his truck, which then struck the pile of stones. Therefore, although, under the circumstances disclosed in this case, there seems to have been no negligence on the part of the defendant, still, assuming that there had been, that negligence manifestly had nothing to do with the accident.

The judgment must therefore be reversed, and a new trial granted, with costs to appellant to abide the event.

SEABURY, J., concurs.

LEHMAN, J. (dissenting). The plaintiff showed that he was lawfully using the street, and that his automobile was wrecked without any negligence on his part. A proximate cause of this accident was the presence of a pile of stone in the street, placed there by the defendant, and the defendant is liable for the resultant damage, if the pile of stone constituted an unlawful obstruction of the street. Sweet v. Perkins, 196 N. Y. 482, 90 N. E. 50. The defendant, by his contract with the city, had the consent of the city authorities to place the pile of stones there. At the same time that right was qualified by an express condition that "suitable and sufficient lights shall be put up and kept lighted from sunset to sunrise," and by an implied agreement on defendant's part to perform the act permitted with due care for the safety of the public. For a violation of duty in this regard the defendant is liable.

The rule of law applicable to these conditions is authoritatively announced in the case of Babbage v. Powers, 130 N. Y. 281, 29 N. E.. 132, 14 L. R. A. 398; as cited by Mr. Justice BIJUR. Under the authority of that and similar cases, the rule is well established that, while an obstruction in a. street, which would ordinarily be a nuisance, becomes lawful if authorized by proper authorities, provided the express. and implied conditions of the license are complied with, it remains a. nuisance unless these conditions are complied with. It follows, in my opinion, that the defendant cannot escape liability unless the evidence shows that these conditions have been complied with. In other words,, if the defendant has failed to place suitable and sufficient lights on the obstruction of stones, it constitutes a nuisance for which the defendant is liable.

The question in this case, therefore, is not whether the defendant was guilty of any negligence which contributed to the accident, but whether he was guilty of such negligence as would show a failure to comply with the implied and express conditions of his license. If such a failure has been shown, then in accordance with the rule of law laid down in Babbage v. Powers, supra, the license can afford the defendant no protection, and the pile of stone constitutes a nuisance for which the defendant is liable.

This case, therefore, presents only a single question of fact, viz.: Was the defendant negligent in this regard? There is a conflict of testimony as to whether there was any light placed on this particular pile of stones, or on any pile within 75 feet of it. The evidence also shows that there was an arc light distant 30 yards from this pile; but the plaintiff testifies that he could see only 50 or 60 feet, and that he could not see this pile of stone, though he was looking in that direction. Upon this evidence, it seems to me that the trial justice could reasonably hold that the defendant did not comply with the conditions of the license, and that as a consequence the license afforded him no protection, and that therefore he was guilty of creating a nuisance in the public street.

Judgment should be affirmed, with costs.