### RADOMSKI v. CONSOLIDATED GAS CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department. May 6, 1915.)

1. APPEAL AND ERROR ⬅➡927—PRESUMPTIONS—DISMISSAL UPON DEFENDANT'S MOTION.

   Where a cause is dismissed upon defendant's motion, defendant having given no evidence, the facts must be taken as having occurred as plaintiff testified.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748, 3758, 4024; Dec. Dig. ⬅➡927.]

2. MASTER AND SERVANT ⬅➡201—PERSONAL INJURIES TO SERVANT—CONTRIBUTING NEGLIGENCE OF FELLOW SERVANT.

   In an action by a servant against his master for personal injuries, where defendant's failure to keep a coal hoist in proper condition was the proximate cause of the accident, the fact that the negligence of a fellow servant in starting the hoist without giving plaintiff an opportunity to get off contributed to the occurrence did not absolve defendant from responsibility for its own wrong.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 515–534; Dec. Dig. ⬅➡201.]

3. MASTER AND SERVANT ⬅➡289—PERSONAL INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

   In an action by a servant against his master for personal injuries, evidence held to make the question of contributory negligence one for the jury.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. ⬅➡289.]

Appeal from City Court of New York, Trial Term.

Action by Alexander Radomski against the Consolidated Gas Company of New York. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Otto H. Droege, of New York City, for appellant.

Shearman & Sterling, of New York City (John A. Graver and Richard W. Smith, of counsel), for respondent.

GUY, J. The action was brought to recover damages sustained by the plaintiff, an employé of defendant. At about 4 o'clock in the morning of January 25, 1913, the plaintiff, in the performance of his duties at defendant's works, pulled a buggy laden with coal into an elevator. The buggy and its contents weighed about a ton, and caused the plat-

form of the elevator to sink about six inches below an iron plate which projected from the floor of the premises to meet the edge of the elevator platform. After succeeding in getting the buggy on the elevator platform, the plaintiff turned around to leave the elevator by the same way he entered, which according to his testimony appears to have been the only available method of leaving it, and as he was in the act of getting off the elevator was started upward, and plaintiff's right foot was caught by the projecting iron plate, and he sustained the injuries complained of. The defendant knew that the platform of the elevator, when it was loaded, sank below the iron plate, leaving an open space beneath it, and mechanics were frequently put to work repairing it.

[1] At the close of plaintiff's case the court denied the defendant's motion to dismiss, but defendant immediately thereupon rested and renewed the motion, which was granted, so that it must be assumed that the accident happened as the plaintiff and his witness testified. The dismissal was on the ground that the accident was caused by the negligence of a fellow servant in hoisting the elevator without giving the plaintiff an opportunity to get off. In this view of the case we think the learned trial justice was mistaken.

In Sweet v. Perkins, 196 N. Y. 482, 90 N. E. 50, the plaintiff was driving upon a country highway which passed through a farm occupied by the defendant. Within the limits of the highway, but several feet from the traveled part, the defendant had placed a quantity of manure. At this point in the highway the plaintiff's horse became frightened by an approaching automobile, reared up, and, swerving to the side of the way, ran upon the pile of manure with the wagon. The wagon was tipped over backward and the plaintiff was thrown out into the highway, sustaining the injuries complained of. The court held that, while the defendant's pile of manure was not the sole cause of the accident, its presence on the highway and the driving of the automobile were two causes contributing to the occurrence, that both causes were in their nature proximate, and a verdict in favor of the plaintiff against the defendant was affirmed; and the court said (196 N. Y. 485, 90 N. E. 51):

"There may be more than one proximate cause of an accident, if each of the causes asserted can be seen to have been an efficient one, without which the injury resulting would not have been sustained. If the negligent acts of two or more persons concur in contributing to an accident, the injured person may hold them jointly and severally liable. Where concurrence in causes is charged, the test is, simply: Could the accident have happened without their co-operation?"

See, also, Chaffee v. Erie R. R. Co., 140 App. Div. 38, 124 N. Y. Supp. 272; Marion v. B. G. Coon Construction Co., 157 App. Div. 95, 141 N. Y. Supp. 647; Pulis v. Steward, 75 Misc. Rep. 268, 135 N. Y. Supp. 155.

In the Chaffee Case, while the plaintiff, a fireman, was attempting to alight from a locomotive, it suddenly and violently started forward without any warning, so that the plaintiff, in order to save himself, reached for a grab-iron, an appliance which should have been fixed within reach of his hand at the corner of the locomotive proper. No

such appliance was there, and the plaintiff fell and was injured. The court said:

"Our examination of the evidence leads to the conclusion that defendant's failure to supply some suitable grab-iron, or handhold, fixed on or near the corner of the locomotive, within reach of a person using the steps in getting off or on the locomotive, would, if found by the jury as a fact, present a fair question for the jury to pass upon whether this omission was negligence of the defendant to which this accident was due, and without which it would not have happened."

[2] In the case at bar the defendant owed the plaintiff the duty of reasonable care with respect to the condition of the ways, and there was a question for the jury whether the failure of the defendant or its superintendent to remedy the defect caused by the sinking of the elevator, when loaded, was negligence, without which the accident would not have occurred. If there was a breach of duty on the part of the defendant, and such breach was a proximate cause of the accident, the fact that the negligence of a fellow servant concurred would not absolve the defendant from responsibility for its own wrong.

[3] The respondent contends, however, that the plaintiff was guilty of contributory negligence as matter of law, and for this reason alone the judgment should be affirmed. Undoubtedly the accident could not have occurred if the toes of the plaintiff's right foot had not extended beyond the edge of the elevator platform. But the evidence shows that the place was so dark that the plaintiff, in endeavoring to get off the platform, could not see the open space beneath the iron plate, and we think that it was for the jury to decide whether the plaintiff under the circumstances was guilty of contributory negligence.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.