MARY C. McNAMARA, Respondent, *v.* NEW YORK STATE RAILWAYS, Appellant.

Fourth Department, September 26, 1928.

*Harris, Beach & Matson* [*C. N. Whitman* of counsel], for the appellant.

*Wile, Oviatt & Gilman* [*J. Emmett O'Brien* of counsel], for the respondent.

PER CURIAM. There were two possible causes of plaintiff's fall, viz., jolting of the street car and a slippery substance on the car floor. After the main charge the learned trial court advised the jury, upon request, that even though they found that the foreign substance was on the floor through defendant's negligence and that in the exercise of ordinary care defendant should have removed the substance before plaintiff came into contact with it, still such findings would not alone warrant a verdict against defendant. This charge was favorable to defendant, although, if plaintiff's freedom from contributory negligence was assumed, the charge was erroneous in law. (*Sweet* v. *Perkins*, 196 N. Y. 482.) Then the jury were told that they "should take into consideration (the facts just stated) along with all the other facts and circumstances in the case on the question of whether the defendant exercised such care and caution and prudence as was required under the cirstances in this case." Afterward, upon defendant's request, the court declined to charge the jury that there was no evidence that the foreign substance was on the floor before plaintiff entered the car or for a period of time such that defendant had reasonable opportunity to see and remove it. This declination to charge, as the record shows, was error. Since this was the last thing said by the court on the subject; and in view of the lack of clarity, everything considered, with which this branch of the case was presented to the jury, we conclude that the judgment and order appealed from should be reversed on the law and a new trial granted, with costs to appellant to abide the event.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide the event.