KAROL GOLEMBEISKI, Respondent, *v.* AMERICAN HAWAIIAN STEAMSHIP COMPANY, Appellant.

Second Department, January 8, 1932.

*Raymond Parmer* [*Vernon S. Jones* with him on the brief], for the motion.

*William L. Stannard,* opposed.

PER CURIAM. In our view the principal question was whether a beam " too long " was a defective instrumentality, furnished by the owner of the vessel, which proximately caused the injury to plaintiff. If, as a matter of law, the beam was not defective, the plaintiff is not entitled to succeed in this action.

This beam, constituting a part of the support of the hatch covers (on hatch No. 3), was seventeen feet ten and one-half inches long. The space between the sockets into which it must be placed was only one-eighth of an inch longer. If it was lowered by the usual means of block, fall and bridle, with scrupulous care to keep it level, the beam might be inserted firmly in the sockets; but in the ordinary handling it often became " stuck " at one end or the other, as the evidence discloses, and had to be " pounded down," or the coaming sprung.

On the occasion of the accident it failed to enter the sockets properly and remained insecure. In attempting to place the other beams it was knocked off and fell on the plaintiff, who had nothing to do with it at all and was free from all negligence on his part. If, as we have said, the fault was that of the owner of the vessel then the verdict of the jury may be sustained; but if the primary cause of the accident was the mishandling of the second beam or negligently leaving the first beam in an insecure position, then the plaintiff's injuries resulted from the acts of fellow-servants and the judgment should have been reversed and the complaint dismissed.

We have taken the view that the question of the beam being "too long" for practical and convenient use, and, therefore, defective, is one of fact. As to whether it was a concurrent proximate cause of the accident we apply the rule stated in *Sweet* v. *Perkins* (196 N. Y. 482, 485): "If the negligent acts of two or more persons concur in contributing to an accident, the injured person may hold them, jointly and severally, liable. Where concurrence in causes is charged, the test is, simply, *could the accident have happened without their co-operation.*" Errors on the trial were not of so substantial a character as to prejudice defendant's rights, in our opinion.

We recognize that this is a close and somewhat novel case. Having carefully considered it after argument, we have no hope of receiving new light on reargument. We think that there should be finality to the litigation unless the Court of Appeals deems the question of sufficient importance to review.

The motion for reargument should be denied, with ten dollars costs, and the motion for leave to appeal to the Court of Appeals should be denied.

Present — LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and CARSWELL, JJ.

Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied.