LORETTA WILLIAMS, Appellant, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.—Appeal by plaintiff from an order setting aside a verdict in her favor and dismissing the complaint on the merits, and from the judgment entered

thereon. The action was brought to recover damages for personal injuries sustained by plaintiff as the result of a fall, alleged to have been due to the defendant's negligence, from an island station platform to the railroad tracks. Order setting aside the verdict and dismissing the complaint on the merits and the judgment entered thereon reversed on the law, with costs, verdict reinstated and judgment directed to be entered thereon, with costs. The news stand that defendant maintained on its platform was so erected that the space on either side, between it and the edge of the platform, was only six feet in width. It was necessary for the plaintiff to pass through this space in order to board the car. Both passageways were obstructed by passengers. Plaintiff attempted to pass between one Proschold, another passenger, and the edge of the platform, when an unidentified person — doubtless a passenger — bumped against Proschold who, in turn struck plaintiff, precipitated her off the platform to the rails, and she was injured. A guard was on the platform, but he did nothing to prevent the obstruction of the passageways. In our opinion it was for the jury to say whether, under the circumstances, defendant could fairly and reasonably have anticipated any danger to plaintiff. It may be true, as the learned trial justice held, that the proximate cause of the accident was the carelessness of the unidentified person; but there may be more than one proximate cause of an accident if each was an efficient one without which the injury resulting would not have been sustained. (*Sweet* v. *Perkins,* 196 N. Y. 482.) Lazansky, P. J., Young and Johnston, JJ., concur; Hagarty and Carswell, JJ., dissent and vote to affirm. We are of opinion that no negligence on the part of the defendant was shown.