Lawbehce, J.
Claimant’s intestate sustained fatal injuries in an automobile accident on the night of September 22, 1943, when a car, in which he was riding as a passenger, collided with a paver or surfacer used in resurfacing State highways and under the control of the agents of the State of New York.
Early in the evening on September 22, 1943, Wallace Guthrie, who was eighteen years of age, left his home in Canton, New York, driving a Chevrolet automobile which belonged to his father. He picked up the deceased, a friend, who was about nineteen years of age. Together they drove southerly on Route 11 to the village of Gouverneur. Upon their arrival there they visited the St. Lawrence Inn and each had two bottles of beer. About 9:00 p.m., they went to a theater and remained there until about 10:45 p.m., and then'started back northerly toward Canton over the same route. It had been raining. The pavement was wet. It was a dark night. They were not very familiar with the road. As they proceeded northerly they approached the so-called Scotch Settlement Road which entered Route 11 on their right and near the northern limits of Gouverneur. They were proceeding at from 25 to 30 miles per hour. On the day referred to the State was resurfacing Route 11 through Gouverneur and for some distance north from Gouverneur. When the crew stopped work on the afternoon of September 22, 1943, they were operating about 400 feet south of the intersection of the Scotch Settlement Road. The work was being done under the direction of George B. McKenna, maintenance foreman for the State. At closing time the surfacer was placed at a spot selected by McKenna. The size of the surfacer was about 10 feet by 12 feet and about 6 feet high. It was black and weighed about 8 tons. No lights were placed upon it. No barrier or warning signals were placed around it to indicate its presence. The spot where it was left was within the bounds of the State highway right-of-way. It was left about 19 feet and 3 inches from the edge of the concrete pavement on Route 11. The area where it was left is covered with oil bound gravel. The surfacer was left near the edge of a grass lawn and from 8 to 11 feet northerly from the paved or tarvia bound portion of the Scotch Settlement Road. Route 11, as it approaches the Scotch Settlement Road *391 on its right, bears to the left to some extent. There is no sign indicating a curve.
No eyewitness could give testimony of what happened except the driver. His testimony was to the effect that when he neared the “ T ” he could see-two roads. There was some conversation between him and the deceased regarding which road to take. He testified, that the deceased said, “ Bight,” then, “ Left,” and then, “ No, I guess right.” The driver started to turn right into the Scotch Settlement Boad and then turned left. He went to the right from 25 to 50 feet and then to the left 25 to 50 feet and crashed into the surfacer. He did not see the surfacer until just about the time of the crash. He says there were no lights upon the surfacer; that he put on his brakes; that he was traveling about 25 miles per hour at the time of the crash and that he thinks he skidded when he turned from right to left. He was rendered unconscious and received serious injuries, including injuries to the head. He was examined and gave statements subsequent to the accident. Some discrepancies appear in the statements made. On one occasion he testified that the accelerator stuck, which had occurred a few times before.
Several persons who were present at the scene later that night and on the following morning gave testimony. Many photographs and a surveyor’s map were introduced in evidence. These show that the automobile and the surfacer were in close contact after the accident. The surfacer had been moved by the collision a few feet away from the Scotch Settlement Boad and into the grass lawn. Some street lights were located near the scene of the accident. One was 102 feet from the surfacer. One was about 50 feet from the concrete portion of Boute 11. One witness testified that the area was well lighted but that it was dark or dim where the surfacer was left. A witness for the State testified that there were skid marks 83 feet and 2 inches long which led to the automobile. Several witnesses .testified regarding the use for public travel of the area where the surfacer was left. The import of such testimony was that, from time to time through the years, the spot where the surfacer was left was used by vehicles entering into and emerging from the Scotch Settlement Boad.
The trial court found that while the spot where the surfacer was placed was within the right-of-way lines of the State highway and had, from time to time through the years, been used and traveled over by vehicles entering into and emerging from the Scotch Settlement Boad, it had not been maintained by any *392 public authority as a part of the traveled portion of any public highway. The court found that the State and its agents were free from any negligence causing or contributing, to the accident and also found that the reckless driving of Guthrie was the direct and proximate cause of the accident, and dismissed the claim. The court refused to find that the deceased was guilty of contributory negligence. If a driver approached the intersection from the south and after starting to turn into the Scotch Settlement Road on his right he discovered his mistake, he might well crash into the surfacer at the spot where it was left. That is evidently what occurred.
In our judgment the lower court erred in finding that the negligence of Guthrie was the sole, direct and proximate cause of the accident and that the agents of the State were free from any negligence which contributed to the accident. Guthrie was negligent. The State was also guilty of negligence in placing the surfacer where its agents did without placing lights upon it or anything near or around it of a warning nature to indicate its position. It was a black object and although the area was generally lighted, it was dim where the paver was left. It was left upon State property which was used by the traveling public. The State failed to use due care. That failure concurred in producing the accident and except for that failure the accident and resulting death would not have occurred. (Sweet v. Perkins, 196 N. Y. 482.)
The decision and judgment appealed from should be reversed and judgment awarded against the State of New York and in favor of the claimant in the sum of $20,620, with interest from September 22, 1943.
Findings and Conclusions made are approved and disapproved as follows:' ' -
Findings of Fact Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 16, 17, 18,19, 20, 21, 22, 23, 24, 25, 26, 28, 32, 33, 34 and 35 are approved.
Findings of Fact Nos. 13, 15, 29, 30 and 31 are reversed.
Conclusions of Law Nos. I and II are reversed.
Finding of Fact No. 12 is disapproved so far as it relates to the maintenance by the State of New York of the area as a part of the highway.
Finding of Fact No. 27 is disapproved so far as it relates, to losing control of the automobile and the distance of skidding.
Findings of Fact proposed by the claimant Nos. 1, 2, 3, 4, 5, 6, 8, 9, 11, 13, 14, 15, 16, 17, 19, 20, 21, 23, 24, 26, 27, 28, 31, 32, 33 and 34 are approved.
*393 Conclusions of Law proposed by the claimant, designated A, B, C and D, are approved except the figures 21,620 following the dollar sign, which should be changed to read 20,620.
Findings of Fact proposed by the State and found by the Court, Nos. 1, 2, 3, 5, 6, 14 and 17 are approved.
Findings of Fact proposed by the State and found, Nos. 4, 20 and 23 are reversed.
Conclusions of Law proposed by the State and found, Nos. I, III and W are reversed.
This court makes additional Findings of Fact and Conclusions of Law as follows:

Findings of Fact.

.1. The rate of speed of the automobile driven by Guthrie at or just prior to the time of the collision was about 25 miles per hour.
2. When the driver of the automobile in which the deceased was riding as a 'passenger approached the intersection of the State road and the Scotch Settlement Road and entered it he turned to the right, and when he changed direction to the left his car skidded and collided with the surfacer.
3. Deceased was not guilty of contributory negligence.
4. The driver of the car in which the deceased was riding at the time of the accident was guilty of negligence in that he did not use reasonable care when he entered the intersection at 35 miles per hour without knowing which way he should turn. Such lack of care was one of the proximate causes of the accident and resulting death.
5. The State of New York and its officers and servants were guilty of negligence in placing the road surfacer, which was under their control, upon a part of the State highway property which for many years had been used by the traveling public. The State of New York and its employees were further negligent in failing to place lights or other warning signals upon the surfacer and in failing to guard it or erect any barriers to warn persons using the highway of its location. Such negligence was one of the causes which concurred in producing the accident, without which it would not have occurred.
6. The damages sustained by claimant as administrator of the estate of Charles Matthews are fixed at the sum of $25,000, from which should be deducted the sum of $4,800 received in settlement from others, in which settlement all rights and remedies were reserved against the State of New York. To the difference of $20,200 should be added the funeral expenses of $420, *394 resulting in a judgment of $20,620, with interest from September 22, 1943.

Conclusion of Law.

The claimant, as administrator of the estate of Charles Matthews, is entitled to judgment against the State of New York in the sum of $20,620, with interest to be computed from September 22, 1943.
Judgment of the Court of Claims, dismissing, upon the merits, a. claim for damages is reversed and judgment in favor of the claimant against'the State of New York for the sum of $20,620, with interest from September 22, 1943, is granted, with costs.
Hill, P. J., Heffeeman, Beewstee and Postee, JJ., concur.
Judgment accordingly.