KARL SESSELMANN, Appellant, *v.* METROPOLITAN STREET RAILWAY COMPANY, Respondent.

*Negligence — a pedestrian, getting off of a south-bound car, struck by a north-bound car while crossing the street on a crosswalk — the question of negligence is for the jury.*

In an action to recover damages for personal injuries sustained by the plaintiff in consequence of being struck by one of the defendant's street cars at the intersection of Second avenue and East Seventieth street in the borough of Manhattan, city of New York, it appeared that the plaintiff alighted from a south-bound car of the defendant at that point and walked to the sidewalk at the southwest corner, where he stood for a moment awaiting an opportunity to cross Second avenue; that he looked in both directions, having an unobstructed view of from twenty to fifty feet of the street; that he saw the car from which he had alighted going down town from twenty to fifty feet away; that he started to cross the street on a crosswalk and that a car, which gave no ignal of its approach, as stated by him, " came like lightning and threw me down under the wheels and ran over me."

It appeared that the car which struck the plaintiff was a north-bound car, and it seemed probable that the south-bound car from which the plaintiff had alighted was between the plaintiff and the north-bound car at the time the plaintiff made his observations.

*Held*, that it was error to dismiss the complaint upon the ground that the plaintiff had failed to show that he was free from contributory negligence and that the defendant was guilty of negligence.

GOODRICH, P. J., dissented.

APPEAL by the plaintiff, Karl Sesselmann, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 1st day of February, 1901,

upon the dismissal of the complaint by direction of the court after a trial at the Queens County Trial Term, and also from an order entered in said clerk's office on the 29th day of December, 1900, denying the plaintiff's motion for a new trial made upon the minutes.

*Charles A. Jackson* [*John Hetherington* with him on the brief], for the appellant.

*Charles F. Brown* [*Henry A. Robinson* with him on the brief], for the respondent.

WOODWARD, J. :

This is an action to recover damages for a personal injury sustained by the plaintiff by being struck by one of the cars of the defendant at the intersection of Second avenue and Seventieth street. Upon the trial plaintiff's complaint was dismissed upon the motion of the defendant on the ground that the plaintiff had failed to show that he was free from contributory negligence, and that it did not appear that the defendant company was guilty of negligence. The plaintiff having been nonsuited is entitled to the most favorable construction which the jury might have placed upon the evidence. (*McDonald* v. *Metropolitan Street Ry. Co.*, 167 N. Y. 66, 68, and authorities there cited.) We are of opinion that the learned trial court erred in the disposition of this case. The undisputed testimony is to the effect that on November 20, 1899, the plaintiff alighted from a south-bound car of the defendant at East Seventieth street and Second avenue, borough of Manhattan, city of New York, and walked to the sidewalk, where he stood for a moment at the southwest corner of those streets, awaiting an opportunity to cross Second avenue ; that he looked in both directions before attempting to cross, having an unobstructed view of from twenty to fifty feet of the street; that he saw the car from which he had alighted going down town from twenty to fifty feet away; that he started to cross the tracks, and the next thing that happened " was a car came like lightning and threw me down under the wheels and ran over me." The witness testified that no bell was sounded, that no warning of any kind was given, and that he was upon the crosswalk at the street

intersection.   He is supported in this testimony by an apparently disinterested witness who testified that he was in the vicinity, and that he saw a car coming from the south at a rapid rate; " I saw the car, that is all; I didn't hear any bell, and this man happened to cross the street and he was struck with this car; the fender struck him."   This accident occurred at a street intersection, where the rights of the parties were equal.   (*Dunican* v. *Union Railway Co.*, 39 App. Div. 497, 500, and authorities there cited.)   It is not contributory negligence as matter of law for a person to attempt to cross a highway at a street intersection in a populous city from twenty to fifty feet in front of an advancing car, even if he has seen it approaching.   The duty rests upon the street railway company to have its cars in control at these points that the equal rights of others may be protected, and the people using the highways for lawful purposes have a right to rely in some measure upon the discharge of this duty.   It seems entirely probable that the south-bound car, from which the plaintiff had just alighted, was between the latter and the car which was approaching from the south at the time the plaintiff made his observations, and it was for the jury, taking all of the circumstances into consideration, to say whether the plaintiff had exercised that reasonable degree of care which a reasonably prudent and careful person would or should have used under the circumstances.   If the car of the defendant approached this crossing at a high rate of speed, regardless of the rights of pedestrians, without giving any warning of its approach, or without having been reduced to the control of the defendant's servant in charge of the operation of the car, and the jury might have drawn this inference from the evidence, then there was a neglect of the duty owed to the plaintiff, and he has a right to recover.   We think the evidence should have been submitted to the jury upon the issues presented by the pleadings, and that the nonsuit was improperly granted.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event.

HIRSCHBERG, JENKS and SEWELL, JJ., concurred; GOODRICH, P. J., dissented.

Judgment and order reversed and new trial granted, costs to abide the event.