**Andrew Jackson, Defendant in Error, v. William A. Burns et al., Defendants. William A. Burns, Plaintiff in Error.**

### Gen. No. 22,512.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURT-NEY, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 8, 1917.

### Statement of the Case.

Action by Andrew Jackson, plaintiff, against William A. Burns and W. Tudor ApMadoc, defendants, to recover for damages to plaintiff's automobile received in a collision alleged to have been caused through the carelessness and improper management of defendants' respective automobiles. From a judgment on trial by the court finding defendant ApMadoc not guilty and defendant Burns guilty and assessing plaintiff's damages at $285, defendant Burns brings error.

Plaintiff's statement of claim alleged that Burns so negligently, recklessly and improperly ran his automobile that as a direct result thereof the automobile of ApMadoc and the automobile of plaintiff were brought into violent collision. Defendant Burns by his affidavit of defense denied that he so operated his automobile that, either directly or indirectly, he caused any other automobile to come in contact with or be the proximate cause of any collision between plaintiff's automobile and any other automobile. Defendant did not ask for a more particular statement of claim, but joined issue upon the essential fact of his negligence causing the damage to plaintiff's automobile.

ADAMS, CREWS, BOBB & WESCOTT, for plaintiff in error; ASA G. ADAMS and E. C. TOURJE, of counsel.

WILLIAM SCOTT STEWART, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. PLEADING, § 466*—*when defect in plea is cured by verdict.* Where there is defect, imperfection or omission in any pleading, whether in substance or in form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give or the jury would have given the verdict, such defect, imperfection or omission is cured by the verdict.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*what statement of claim in action for negligence need not specify.* In an action to recover damages for injury to an automobile due to a collision with other automobiles, it is unnecessary to specify the acts which constituted negligence in a statement of claim.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when defendant is precluded from complaining of insufficiency of statement of claim.* Where a statement of claim in an action for damages to plaintiff's automobile alleges that one of the defendants negligently, recklessly and improperly ran an automobile, and as a direct result thereof the automobile of the other defendant and the automobile of plaintiff were brought into violent collision, which was denied by an affidavit of defense, and a more particular statement of claim is not asked, but issue is joined upon the essential fact of the negligence causing an injury to plaintiff's automobile, the defendant whose action is alleged to have caused the injury is precluded from complaining of insufficiency of the statement of claim.

4. AUTOMOBILES AND GARAGES, § 3*—*when evidence is sufficient to show that negligent operation of automobile of defendant found guilty was proximate cause of damage to plaintiff's car.* In an action to recover damages for injury to an automobile received in a collision, and alleged to have been caused through the carelessness and improper management of defendants' respective automobiles, where there was evidence tending to show that the defendant found guilty, came into the street on which the accident occurred from a cross street at a high rate of speed, and the other

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

defendant's automobile, in veering away to avoid such incoming automobile, collided with plaintiff's car, evidence *held* sufficient to sustain a finding that the negligent operation of the automobile of the defendant found guilty was the proximate cause of the damage to plaintiff's car.