MARY KIMBALL, Appellant, v. FRANK M. BRILL and Another, Respondents.

Third Department, June 19, 1923.

Motor vehicles — action for injuries suffered when plaintiff was struck by defendants' automobile at street intersection — accident occurred when defendants turned automobile in street to go in opposite direction — question of negligence and of contributory negligence for jury — not negligence per se to cross street at other than recognized crossing.

In an action to recover damages for injuries suffered when plaintiff was struck by defendants' automobile at a street intersection, it appeared that the plaintiff at the time of the accident was crossing the street diagonally at the intersection; that before she entered upon the street she looked and saw defendants' automobile passing south; that defendants turned their automobile at the street intersection for the purpose of returning in the direction from which they came, and while turning sounded the horn; that there was space in which the defendants might have passed the plaintiff without striking her.

Held, that the question of defendants' negligence and of plaintiff's contributory negligence was for the jury, and that the complaint should not have been dismissed at the close of the plaintiff's case.

It is not negligence per se for a person to cross a street at other than a recognized or straight crossing for pedestrians.

APPEAL by the plaintiff, Mary Kimball, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Madison on the 13th day of October, 1922, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Campbell & Woolsey* [*R. D. Woolsey* of counsel], for the appellant.

*Fitch & Kiley* [*Edward A. Kiley* of counsel], for the respondents.

VAN KIRK, J.:

The accident occurred at the intersection of Peterboro and Center streets in the village of Canastota, N. Y., on the 3d day of March, 1919, at about nine o'clock in the evening. Center street, easterly of Peterboro street, is narrower than on the westerly side and is somewhat northerly, the southerly building line east of Peterboro street being about the line of the southerly curb west of Peterboro street. The plaintiff approached this intersection, going westerly on the south side of East Center street. When she reached the intersection, she looked north and south and saw but one vehicle on Peterboro street, that of the defendants, going southerly on the opposite side of the street. She started from the southeast corner of this intersection diagonally toward the northwest corner; and, when about fifteen feet from the southeast corner, was struck by the defendants' automobile. She was hit in the back or side by the center of the front of the car. At about the center of this intersection area is a manhole, which was the turning point for vehicles there. When the defendants passing south reached this intersection the driver turned to his left to return northerly on Peterboro street. He sounded his horn as he was about to make the turn and struck the plaintiff when the turn was completed or nearly completed. The plaintiff is about seventy years of age. She saw the car but an instant before it reached her. There was plenty of space on either side of the plaintiff to allow the defendants to pass without striking her. The defendants presented no evidence and no explanation is given why they did not see the plaintiff and avoid hitting her.

It seems plain that there was a question for the jury as to whether or not the defendants were negligent in respect to the accident. But it is strongly urged that negligence on the part of the plaintiff contributed to her injuries.

It is not negligence *per se* for a person to cross a street at other than a recognized, or straight, crossing for pedestrians. (*Peterson v. Ballantine & Sons*, 205 N. Y. 29.) The irregularity of this crossing is some explanation why the plaintiff attempted to cross diagonally. There is no proof that in 1919 there was any marked crossing for pedestrians at this corner. Plaintiff had looked and saw but one vehicle in the street and the evidence shows that there was no other vehicle there at the time. When plaintiff saw the defendants passing south, she was not negligent because she failed to guess their intention to turn and come back on Peterboro

street. They could have continued south on Peterboro street or turned east or west on Center street. If the plaintiff heard the defendants' signal, she may well have thought it was a signal as they passed, or were about to enter, Center street, rather than a signal that they were to turn about. On the evidence presented, a jury could have found that the plaintiff was free from fault at the time. In our view there was a fair question of fact for the jury as to plaintiff's negligence.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

H. T. KELLOGG, Acting P. J., HINMAN and HASBROUCK, JJ., concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.