EDITH HANCOCK, an Infant, by SAMUEL HANCOCK, Her Guardian ad Litem, Appellant, v. HOWARD STEBER, Respondent.

Fourth Department, March 12, 1924.

Motor vehicles — action to recover for personal injuries suffered by plaintiff when she was struck by automobile — defendant's automobile and another driven by third person approached street intersection at thirty miles per hour — other automobile in order to avoid collision ran onto sidewalk and struck plaintiff — owner of other automobile who was originally one of defendants died after action was commenced — if negligence of defendant contributed directly to produce injury, he is severally liable — error to dismiss complaint.

In an action to recover damages for personal injuries suffered by the plaintiff when she was struck by an automobile while she was standing on the sidewalk, it was error to dismiss the complaint at the close of plaintiff's case, since it appears that the defendant's automobile and the automobile of a third person, who was originally a defendant in this action but who died before the action was tried, approached a street intersection at the rate of about thirty miles per hour; that there was no other traffic on the street and the accident occurred in the day time; that the third person in order to avoid a collision with defendant's automobile ran onto the sidewalk and struck the plaintiff, and that the defendant's automobile did not collide with the automobile of the third person.

---

* See now Stock Corporation Law of 1923 (Consol. Laws, chap. 59; Laws of 1923, chap. 787). See, also, Laws of 1923, chap. 787, §§ 2, 3, 5.—[REP.

If the negligence of the defendant combined with the negligence of the owner of the other automobile directly to produce the injury, then the defendant is severally liable.

On the evidence presented by the plaintiff, there was a question of fact for the jury to determine whether or not the defendant was negligent and if so, whether his negligence or that of the owner of the other automobile was the proximate cause of the plaintiff's injury, or whether the negligence of both were proximate and concurring causes.

APPEAL by the plaintiff, Edith Hancock, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 18th day of March, 1921, upon the dismissal of the complaint at the close of the plaintiff's case.

*Miller & Hubbell* [*James F. Hubbell* of counsel], for the appellant.

*Howard D. Bailey*, for the respondent.

HUBBS, P. J.:

At the time of the accident in question the plaintiff was on the sidewalk on the southerly side of South street in the city of Utica. She had just crossed over Park avenue, and had stepped up two steps from the street level to the sidewalk level, at the southeast corner of South street and Park avenue, when she was struck by an automobile driven by J. Charles Hale and seriously injured.

Immediately before the accident the defendant Steber approached the intersection from the west on South street, driving, at the rate of thirty miles an hour, a two-passenger Stutz car, which weighed 5,200 pounds. At the same time Mr. Hale approached the intersection on Park avenue from the north, driving, at the same rate of speed, a small Scripps-Booth coupe. When the defendant Steber was about 50 feet west of Park avenue he noticed the Hale car coming southerly on Park avenue. Each car approached the intersection without slackening speed. When near the intersection, and when the cars were within a few inches of each other, Mr. Hale swung his car to his left, it struck the curb at the southeast corner, the front wheels passed up the two steps at that point and hit the plaintiff. At the same instant that Mr. Hale swung his car to the left, the defendant Steber swung his car to his right and stopped at a point from 100 to 150 feet south of the corner and on his left-hand side of Park avenue, his car facing south. He crossed Park avenue from west to east in a diagonal direction. Mr. Hale, apparently, after he realized the danger, tried to turn to the east into South street, but was unable to do so.

The accident took place about noon on a bright day. There were no other vehicles near the street intersection at the time. No one was upon the street at that point and so far as appears

there was nothing to distract the attention of either Mr. Hale or the defendant Steber.

The foregoing statement is most favorable to the plaintiff, as she is entitled to the most favorable inferences which the jury could have drawn from the evidence, and all disputed facts must be deemed established in her favor, as the complaint was dismissed at the close of the plaintiff's case. (*Sackheim* v. *Pigueron,* 215 N. Y. 62.)

This action, to recover damages for the injuries which the plaintiff suffered, was commenced against both Mr. Hale and the defendant Steber. Mr. Hale died before the trial and the case was continued against the defendant Steber.

If the concurring negligent acts of the defendant Steber and of Mr. Hale were the proximate cause of the plaintiff's injury, each was jointly and severally liable for the damage caused by such negligent acts. She had a cause of action against either or both. If it be a fact that Mr. Hale was negligent, and that his negligence was a proximate cause of the plaintiff's injury, such fact does not excuse the defendant Steber or relieve him from liability. He is liable for the direct result of his negligent acts even though Mr. Hale's negligent acts concurred in causing the plaintiff's injury.

" There may be more than one proximate cause of an accident, if each of the causes asserted can be seen to have been an efficient one, without which the injury resulting would not have been sustained. If the negligent acts of two, or more, persons concur in contributing to an accident, the injured person may hold them, jointly and severally, liable. Where concurrence in causes is charged, the test is, simply, could the accident have happened without their co-operation? " (*Sweet* v. *Perkins,* 196 N. Y. 482.)

If the defendant Steber had negligently driven his car against Mr. Hale's car and caused it to go over the curb and injure the plaintiff, he would be liable. (*Doersam* v. *Osmalek,* 202 App. Div. 621.) Can it be held that he is not liable because his car did not actually touch the car driven by Mr. Hale? We think not. If the defendant Steber was negligent, and his negligence placed Mr. Hale in a position of danger, and in attempting to escape Mr. Hale's car was forced over the curb resulting in injury to the plaintiff, the jury might find that the defendant Steber's negligence was a proximate cause without which the accident would not have happened. (*Hanrahan* v. *Cochran,* 12 App. Div. 91; *Burnham* v. *Butler,* 31 N. Y. 480; *De Carvalho* v. *Brunner,* 223 id. 284; 38 Cyc. 488.) In the cases last above cited there was concert of action. In the first two, the drivers of horses were negligently racing upon

a public street. In the last, the drivers of automobiles were racing.

The same principle applies, however, where concert of action is lacking. "Where, although concert is lacking, the separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it." (38 Cyc. 488, and cases cited; *Gardner* v. *Friederich*, 25 App. Div. 521; affd., 163 N. Y. 568; *Barrett* v. *Third Avenue R. R. Co.*, 45 id. 628.)

It was a question of fact for the jury to determine whether or not the defendant Steber was negligent and, if so, whether his negligence or that of Mr. Hale was the proximate cause of the plaintiff's injury, or whether the negligence of both were proximate and concurring causes. The conclusion which we have reached finds support in the following cases in other jurisdictions: *Hellan* v. *Supply Laundry Co.* (94 Wash. 683); *King* v. *San Diego Electric R. Co.* (176 Cal. 266; 168 Pac. Rep. 131); *Meech* v. *Sewall* (232 Mass. 460; 122 N. E. Rep. 447); *Mehegan* v. *Faber* (158 Wis. 645).

The judgment dismissing the plaintiff's complaint should be reversed upon the law and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.