FRANK SPEICH, Appellant, v. INTERNATIONAL RAILWAY COMPANY, Respondent.

Fourth Department, March 9, 1927.

Gas and electricity — action for injuries suffered when plaintiff, employee of electric company, came in contact with high tension wire of defendant while he was climbing pole of employer — high tension wire with insulation worn off was in contact with iron step on pole — defendant erected its line before line of plaintiff's employer was erected — error to grant nonsuit on ground that defendant did not owe any duty to plaintiff — defendant had legal duty to use reasonable care to prevent its wires from coming in contact with pole — if plaintiff's employer were negligent, that would not relieve defendant — plaintiff established prima facie case.

The plaintiff, an employee of an electric company, while in the regular performance of his work, climbed a pole over which his employer had jurisdiction, and when he reached a point about twenty-five feet from the ground he received an electric shock which caused him to fall.   A high tension wire belonging to defendant had come in contact with one of the iron steps on the pole which plaintiff climbed, and since the insulation was worn off, electricity was transmitted to the step.   The defendant erected its line of poles before the line on which the plaintiff was working was erected.   At the time the line on which the plaintiff was working was erected, the high tension wire, while close to the pole, was not in contact therewith.   Both lines were legally erected and the plaintiff had a legal right to be where he was at the time of the accident.

It was error for the court to nonsuit the plaintiff on the ground that the defendant did not owe to the plaintiff the duty of exercising reasonable care.   The court's theory was that the defendant's feed wire was in the same position before the pole on which the plaintiff was working was erected, and that the placing of that pole close to the feed wire created the danger, and not any act of the defendant.

The fact that the pole on which the plaintiff was working was erected after the defendant's line was built, did not relieve the defendant from the duty of exercising reasonable care to avoid injury to persons who might come into proximity with its wire at a place where such persons had a legal right to be, and the fact that when the feed wire was erected it was not close to the pole and was properly insulated, does not establish a lack of negligence on the part of the defendant as a matter of law.

Even though plaintiff's employer might have been negligent in erecting its poles so close to the defendant's feed wires, the defendant is not relieved from liability for its negligence.

MOTION by the plaintiff, Frank Speich, for a new trial upon a case containing exceptions, ordered to be heard in the Appellate Division, Fourth Department, in the first instance, after a non-suit at the close of the plaintiff's evidence, upon a trial before the court and a jury at the Erie Trial Term.

*Ward, Flynn, Spring & Tillou* [*William J. Flynn* of counsel], for the appellant.

*Penney, Killeen & Nye* [*Selby G. Smith* and *John J. K. Caskie* of counsel], for the respondent.

HUBBS, P. J.  The plaintiff, while in the service of the Buffalo General Electric Company at Buffalo, was instructed by his foreman to climb a pole owned by the New York Telephone Company, or by the telephone company and the electric company jointly. When he reached a point about twenty-five feet from the ground he received an electric shock which caused him to fall to the ground and to suffer serious injuries.  This action is to recover of the defendant damages for such injuries.  At the close of the plaintiff's case the learned trial justice granted the defendant's motion for a nonsuit.

The pole in question was used jointly by the Buffalo General Electric Company, the plaintiff's master, and the New York Telephone Company.  It supported twenty or more wires.  The city also used it for its fire alarm wires.  It had been in the same position over three years before the day in question.  The defendant, International Railway Company, maintained a high tension feed wire which came to within three or four inches of the side of the pole.  There were iron spikes driven into the pole for the use of the men while climbing.  Before the accident the defendant's feed wire had come into contact with one of the iron spikes and rested upon it.  The insulation on the feed wire had worn off, exposing the wire.  When the plaintiff's hand was placed on the iron spike he received a shock, which caused his injury.  The defendant's feed wire was maintained upon poles owned by it and was not fastened to the pole upon which the plaintiff was working.  That

situation had existed over three years, since the pole had been placed by the telephone company in the position which it then occupied.

Before the telephone company erected the pole in question, the defendant had erected and was maintaining its feed wire. It was strung upon poles owned by the defendant and which were about fifty feet apart. The telephone pole was placed about three or four inches from the feed wire at a point about midway between the defendant's poles upon which the feed wire was suspended.

It could be plainly seen from the ground that the feed wire was close to the telephone pole and that the insulation was worn and hung in shreds.

The learned trial justice, in granting the motion for a nonsuit, placed the decision upon the ground that the defendant did not owe to the plaintiff, a servant of the electric company, the duty of exercising reasonable care, as the defendant's feed wire was in the same position before the telephone pole was placed, and the placing of the telephone pole close to the feed wire created the danger, and not any act of the defendant. The sole question for our determination is whether that decision was justified by the evidence.

The plaintiff was not a trespasser. He was engaged in his master's business, upon a pole used by the master jointly with the telephone company. The defendant knew, or should have known, that men were or might be employed upon the pole. It knew, or should have known, that its feed wire came within three or four inches of the pole, and that the insulation on the feed wire was worn off. The danger to men working upon the pole under such a condition was manifest. From such circumstances we think the jury would have been justified in finding that the defendant was negligent in permitting a high power uninsulated feed wire to remain unsupported within such a short distance of the pole, upon which men might be engaged in work. It appeared that the defendant was a large user of electricity; that it had construction and repair forces, repair wagons, inspectors and an engineering force.

It may be presumed that the defendant had lawfully placed its feed wire in the street and had a legal right to maintain it as placed. It may also be presumed that the telephone company and the electric company had lawfully placed and maintained the pole in the street where it stood at the time of the accident. No question is raised by either party but what the act of the telephone company in erecting the pole and the act of the defendant in placing the feed wire were legal.

The fact that the pole was erected by the telephone company subsequent to the placing of the feed wire by the defendant did

not relieve the defendant from the duty of exercising reasonable care to avoid injury to persons who might come into proximity to its wire at a place where such persons had a legal right to be. The fact that the feed wire, when erected, was not close to the pole and was properly insulated does not establish a lack of negligence on the part of the defendant as a matter of law. It was bound to use reasonable care under the circumstances to keep the wire reasonably safe by constant oversight, inspection, repair and replacement if necessary.

In the case of *City of Henderson* v. *Ashby* (14 A. L. R. 1018; 179 Ky. 507) there is a note in which the author (at p. 1024) says: " While the terms of stating the measure of duty of the electric company are different, there is a great uniformity in the decisions to the effect that one maintaining a high tension electric transmission line without proper insulation, at places where workmen are likely to come into contact with it to their injury, is liable for the injury." Cases which sustain the statement are cited from many different jurisdictions, including *Braun* v. *Buffalo General Electric Company* (200 N. Y. 484).

This court has recently discussed the question in the case of *Burrows* v. *Livingston-Niagara Power Company* (217 App. Div. 206; affd., 244 N. Y. 548).

The fact that the telephone company might have been negligent in erecting the pole so close to the defendant's feed wire does not relieve the defendant from liability for its negligence. It is liable for the direct result of its own negligence even though the telephone company's negligent act concurred in causing the plaintiff's injury. (*Sweet* v. *Perkins*, 196 N. Y. 482; *Hancock* v. *Steber*, 208 App. Div. 455.)

The defendant relies largely upon the case of *Heskell* v. *Auburn Light, Heat & Power Co.* (209 N. Y. 86). We find nothing in that case in conflict with the conclusion which we have reached. There the deceased went upon a pole owned by the defendant and was killed by coming in contact with a defectively insulated wire. The court held that the deceased was a mere volunteer or naked licensee, and that the only duty which the defendant owed him was to abstain from inflicting intentional, wanton or willful injury.

Plaintiff's exceptions should be sustained and a new trial granted, with costs to the plaintiff to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Plaintiff's exceptions sustained and motion for new trial granted, with costs to plaintiff to abide the event.