Argued April 12, reversed July 11, 1928.

BESSIE HANSEN *v.* THE BEDELL CO. ET AL.

(268 Pac. 1020.)

For appellant there was a brief over the names of *Mr. Thomas F. Wold* and *Messrs. Latourette & Latourette,* with oral arguments by *Mr. Wold* and *Mr. John R. Latourette.*

For respondent there was a brief over the names of *Messrs. Burnett Bros., Mr. Chester Sheppard* and *Mr. Clarence D. Young,* with oral arguments by *Mr. Sheppard* and *Mr. Wendell K. Phillips.*

COSHOW, J.—■ One suffering damage as a result of concurrent acts of negligence of two or more persons, though acting disconnectedly, has a right of action against the negligent persons jointly and separately: First Sutherland on Damages, 267–269, note 4 in Section 140; *Reader* v. *Ottis,* 147 Minn. 335 (180 N. W. 117, 16 A. L. R. 463), and extended annotations beginning on page 465. A very instructive case is also found in *Anderson* v. *McLaren,* 114 Wash. 33 (194 Pac. 828). See *Ahern* v. *Oregon Telephone Co.,* 24 Or. 276, 291 (33 Pac. 403, 35 Pac. 549, 22 L. R. A. 635). It seems that the court below relied on the case of *Smith* v. *Day,* 39 Or. 531 (65 Pac. 1055). The case last cited might be distinguished from the case at bar, but it is not necessary to do so because in as far as it may be an authority for holding that a person injured by the concurrent acts of others must elect between the two in an action for

damages is overruled. In the Smith case there is no connection at all between the two defendants. One of them had removed the case to the federal court before the other defendant had been served. In the instant case the two automobiles concurrently caused the injury to plaintiff. She is not compelled to elect between the two. In this regard the case of *Anderson* v. *McLaren*, above, is directly in point. See, also, the case of *Jackson* v. *Burns*, 203 Ill. App. 196. See, also, *Hancock* v. *Steber*, 208 App. Div. 455 (204 N. Y. Supp. 258), where the principle is thus stated in point four of the syllabi:

"Where, though concert is lacking, separate and independent acts or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it."

■ The court erred in granting the motion to compel plaintiff to elect between the two defendants.

■■ Was defendant, The Bedell Company, relieved of liability because defendant Townsend may not have used due care and caution to avoid striking plaintiff? *Poole* v. *Tilford*, 99 Or. 585, 594 (195 Pac. 1114). Defendant, The Bedell Company, was guilty of negligence as a matter of law. Its driver failed to give to defendant Townsend precedence at the intersection of the streets when under the law it was clearly its duty so to do. As was aptly said in *Anderson* v. *McLaren*, above, "We are satisfied, also, that the transfer company, through its driver, wrongfully set in motion the train of causes which combined to produce the damage, and cannot escape the consequences." It was said in *Hill* v. *Jacquemart*, 55 Cal. App. 498 (203 Pac. 1021, 1022):

"The proximate cause of an injury is the efficient cause; the one that necessarily starts the other cause in motion; the moving influence. (Authorities cited.) Here the proximate cause of the injury was the collision occasioned by the negligence of Mrs. Jacquemart running her automobile into that of Mrs. Hill. Without this collision the impact of the telephone pole happening immediately thereafter would not have occurred."

It was not necessary in order to constitute defendant, The Bedell Company's automobile, as the moving and efficient cause that it actually collide with the defendant Townsend's car. *Hancock* v. *Steber* and other cases cited above. The instant case is ruled by the decision of this court in *Noble* v. *Sears*, 122 Or. 162 (257 Pac. 809). This case was decided after the instant action was tried in the Circuit Court.

■ Whether or not defendant Townsend was guilty of negligence was a question for the jury. She was suddenly confronted with conditions of peril to herself and mother. It is not the policy of the law to hold one to as strict account of one's conduct in an emergency as the evidence clearly shows existed at the time the injury was inflicted upon plaintiff as when one has opportunity and time to deliberate. Defendant Townsend could not afford to stop her car and allow the truck of defendant, The Bedell Company, to strike it. She had a right to get herself free from that peril. She must escape. The cars are estimated to have been moving from 12 to 20 miles an hour. Defendant Townsend's car is estimated to have moved 45 feet when, according to expert testimony, it should have stopped within 20 feet. But her car would have moved the 45 feet in less than two seconds. Whether or not that was sufficient time for her to sufficiently collect her thoughts so as to

exercise ordinary and reasonable care is a question for the jury, not for the court: 22 R. C. L. 120–127, 132; *Scott* v. *Shepherd* (*Squib Case*), 2 Blackstone's Reports, 892; *Trickey* v. *Clark*, 50 Or. 516 (93 Pac. 547); *Poole* v. *Tilford*, above.

The court erred in directing a verdict in favor of defendant, The Bedell Company. The case is reversed and remanded to the Circuit Court with directions to proceed in harmony with this opinion.

REVERSED AND REMANDED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.