Argued November 12, 1929; affirmed March 4, 1930

## HANSEN *v.* BEDELL CO. ET AL.

(285 P. 823)

*William C. Ralston* of Portland (Burnett Brothers & Snyder, Dey, Hampson & Nelson, and Sheppard, Phillips & Ralston, all of Portland, on the brief) for appellant.

*J. R. Latourette* of Portland (Thomas F. Wold and Latourette & Latourette, all of Portland, on the brief) for respondents.

BEAN, J. This is the second appeal in this case. For the former adjudication see 126 Or. 155 (268 P. 1020). Defendant, The Bedell company, appeals from an adverse judgment on the verdict of a jury. A verdict was returned in favor of defendant, Mary V. Townsend. Therefore, we will hereafter designate The Bedell company as defendant.

The facts of the case are about as follows: On May 8, 1926, at about 5 o'clock p. m., a light delivery truck of the defendant, The Bedell company, operated by G. S. Burns, a regular employee of The Bedell company, was proceeding south on Seventeenth street in the city of Portland on the right or west side of the street. At the same time the defendant Mary V. Townsend, driving a Ford runabout, in which her mother, Mrs. Eunice E. Townsend, was a passenger, was proceeding east on Hoyt street. The plaintiff, a pedestrian and innocent bystander on the sidewalk at the southeast

corner of Seventeenth and Hoyt streets in Portland, was run down by the automobile of defendant Mary V. Townsend, who, in order to avoid a collision at the intersection with the truck of the defendant, The Bedell company, was compelled to swerve from her course and in so doing ran upon the sidewalk and ran down the plaintiff.

The evidence indicated that both cars approached the intersection at the same time, the Townsend car proceeding easterly and the Bedell truck proceeding southerly; that they were going approximately at the same speed, which was estimated by the witnesses to be from 15 to 20 miles per hour, although defendant Mary V. Townsend testified that The Bedell company's truck was going three or four miles per hour faster than her car. The testimony further tended to show that both cars proceeded into the intersection and that neither car slowed up; that a collision was imminent; that the cars came within three or four feet of each other near the center of the intersection when they both swerved. The Townsend car swerved to the right and the Bedell truck swerved to the left in order to avoid a collision with each other. As the Townsend car undertook to swerve back into its course on Hoyt street and when within five or six feet of the curb there was not sufficient clearance because the Bedell truck had proceeded from the center of the intersection in a southeasterly direction toward the curb, forcing the Townsend car out of its course, in order to avoid a collision at that point with the Bedell truck, and to run up over the curb and onto the sidewalk.

Plaintiff, who was standing on the sidewalk on the southeast corner by a telephone pole, saw the two cars coming into the intersection, saw both swerve to avoid a collision and saw both head toward her, whereupon

she grabbed her child and started to run down the sidewalk in a southerly direction on Seventeenth street and was run down by the Townsend car about 15 feet from the corner. At the same time the Bedell truck swerved across Hoyt street, came to a stop near the south curb thereof at about the same distance from the corner to the east as the Townsend car stopped to the south.

■■ The defendant assigns that the trial court erred in overruling the motion of the defendant, The Bedell company, for a directed verdict. The motion for a directed verdict was based largely upon the claim that there was a total failure of proof that defendant, The Bedell company, failed to yield the right of way to the Townsend car. It is conceded, of course, that the Townsend car had the right of way. With this claim of error we are unable to agree. The only thing necessary for the driver of The Bedell company truck to do at the time was to slow up or stop so that the Townsend car could proceed across the intersection. This he did not do but proceeded to within three or four feet of the other car and crowded it off its course and onto the sidewalk where it was compelled to go in order to avoid the collision with The Bedell company truck or a telephone pole standing near.

■ The jury was warranted in finding that Mary V. Townsend would not reasonably be expected to wait until the other car struck hers. Neither would she be expected to do everything in such an emergency, and when in imminent peril, that she would under ordinary circumstances. There was ample evidence to take the case to the jury. Further, the evidence was practically to the same effect as that upon the former trial of this case upon the prior appeal. This court reversed the judgment in favor of this defendant, directing a ver-

336

dict in favor of The Bedell company and against plaintiff, and held that "defendant, The Bedell company, was guilty of negligence as a matter of law." That opinion is now the law of the case. See *Hansen v. The Bedell Co.*, supra, and cases there cited: *Anderson v. McLaren*, 114 Wash. 33 (194 P. 828); *Hill v. Jacquemart*, 55 Cal. App. 498 (203 P. 1021); *Hancock v. Stebber*, 208 App. Div. 455, 204 N. Y. S. 258; *Jackson v. Burns*, 203 Ill. App. 196.

■■ Defendant predicates error on the refusal of the court to instruct the jury as follows:

"I instruct you that if you find from the evidence in this case that the truck of The Bedell company yielded the right of way to the Townsend car, then you must find a verdict in favor of the defendant, The Bedell company, and against the plaintiff."

■ This requested instruction ignores three other charges of negligence made by plaintiff against defendant, namely: (a) failure to keep a lookout for other vehicles; (b) failure to have its car under control; (c) operating its car over 15 miles per hour—which allegations of negligence are supported by some evidence and which defendant requested the court to withdraw from the jury. There was evidence that the appellant was traveling between 18 and 20 miles per hour when it entered the intersection and that it continued on its course without slowing up until it came within three or four feet of the Townsend car, when it suddenly swerved to the left directly in the path of the Townsend car, and ended up about 45 feet east of the telephone pole at the southeast curb line of Hoyt and Seventeenth streets. Defendant was not entitled to the charge as requested or to have the allegations of negligence withdrawn from the jury. The testimony did not warrant it. There was practically no dispute and it

was held upon the former appeal that the defendant, The Bedell company, failed to yield the right of way to the Ford car. Upon the law of the right of way, after explaining the issue, the learned trial judge fully and plainly charged the jury in part as follows:

"As to the right of way at an intersection it has been definitely stated that the right of precedence at an intersection, given by law, is not to be entertained or considered, or has no application except where the vehicles at the intersection approach the crossing so nearly at the same time and at such rates of speed that if both proceeded, each without regard to the other, a collision or interference between them is to be reasonably apprehended. In such a case, that is to say, where a collision or an interference is to be reasonably apprehended it is the right of the one having the precedence to continue his course, and it is the duty of the other to yield to him the right of way. But if a traveler not having such right of precedence comes to the crossing and finds no one approaching it upon the other highway within such distance as to reasonably indicate danger of interference or collision, he is under no obligation to stop or to wait but may proceed to use such crossing as a matter of right.

"Now that construction of the law grows out of the fact, ladies and gentlemen, that the law provides that drivers when approaching highway intersections shall look out for and give right of way to vehicles on their right simultaneously approaching a given point."

The charge was fair to the defendant and all that it could reasonably expect.

We are compelled to view the testimony in a general way as some of it is unintelligible; as, for example, the cross-examination of Mary V. Townsend, relating to the movement of her car, which reads:

"Q. You were too near this curb to turn down here (indicating)?

"A. Yes.

"Q. You were too near to turn away down here (indicating); or were you going too fast so you could not?

"A. Now what do you want to know? I don't understand.

"Q. You say you were too near this curb to turn down here?

"A. Yes.

"Q. But couldn't you turn out around here and come down here (indicating)?

"A. I didn't think it was necessary. How did I know he was going to turn? I thought he was going behind me."

The record is in poor condition to pass upon a motion for directed verdict.

Finding no error in the record, the judgment of the trial court is affirmed.

Coshow, C. J., and Belt, J., concur.