MILDRED HART, Appellant, *v.* ALEX RUDUK, Respondent.

Third Department, November 18, 1931.

*Barrett & Simon* [*Alfred L. Simon* and *Edward W. Barrett* of counsel], for the appellant.

*George B. Hurley* [*Lawrence B. McKelvey* of counsel], for the respondent.

RHODES, J. This is a negligence action. The court having granted a nonsuit and dismissed the complaint, the question here is whether or not there were any facts upon which a jury might have based a finding of negligence of the defendant and freedom from contributory negligence on plaintiff's part. If any such facts

were proven, then plaintiff was entitled to have them considered by the jury and in determining this question she is entitled to the benefit of every fact and the most favorable inference that could be drawn therefrom. (*McDonald* v. *Metropolitan St. R. Co.*, 167 N. Y. 66; *Sesselmann* v. *Metropolitan St. R. Co.*, 65 App. Div. 484; *Tellock* v. *International Paper Co.*, 152 id. 559; *Kraus* v. *Birnbaum*, 200 N. Y. 130; *Costello* v. *Third Avenue R. R. Co.*, 161 id. 317.)

The evidence shows that the accident happened January 18, 1931. Plaintiff was riding with her husband in an automobile near Galway village, proceeding easterly; he was driving; she was seated by his side holding a small baby in her lap; two babies and a youth were in the back seat. For convenience this car will be referred to as plaintiff's car. The speed of the automobile was about twenty miles an hour. They started down a hill and could see ahead quite a little ways. At the top of the hill, before starting the descent, the driver blew his horn and pulled over to the right side of the road, as far over as he could get, saw defendant's car down toward the foot of the hill approaching in the center at thirty miles an hour; it did not change its course nor slow down, and as it drew closer plaintiff's car slowed to about fifteen miles an hour. When about fifteen feet apart the center of defendant's radiator was about in line with the left fender of the plaintiff's car. To avoid a collision plaintiff's car was turned sharply to the right into the ditch as far as it would go, getting off the road two feet, and struck a shoulder of rock by the side of the ditch causing plaintiff to be thrown forward and injured. There was loose snow in the road. Defendant's car, when it went by, changed its course a little, about eight inches, and cleared plaintiff's car a distance of eighteen inches. The road at this point had been cut through rock so that at either side there was a ledge, the distance from side to side of the cut being about twenty feet and from edge to edge of the road about sixteen feet. A snow plow had been through and plowed out the road to a width estimated at from nine to thirteen feet, by which the snow on plaintiff's side had been turned up by the plow in an embankment against the ledge of rock. The road was very narrow on account of the snow bank, and there were no icy ruts, but only one set of tracks except where cars had turned out. The accident happened about five or five-thirty in the afternoon but it was light at the time, neither car having its lights turned on.

There are other facts in the record but these excerpts are sufficient for the purpose of determining the question here. Summarized, they indicate that defendant, in the middle of a narrow, snowy road, approached plaintiff at a speed of thirty miles, forcing

plaintiff's car to turn to the right and leave the road to avoid an accident; that in so doing her car struck the rock shoulder and she was injured. Upon these facts it was for the jury to say, in view of the surrounding circumstances, whether the defendant operated his car at a reasonable speed and in a reasonably safe and prudent manner. The defendant may have been negligent even though there was no actual collision of the cars. (*Rosen* v. *Gray*, 247 N. Y. 589; *Hancock* v. *Steber*, 208 App. Div. 455; *Brennan* v. *Richardson*, 38 id. 463.) It is difficult to see where there was any contributory negligence on the part of the plaintiff, but if such could have been found, that was also the province of the jury and not for the court. (See *Kimball* v. *Brill*, 205 App. Div. 776.)

The judgment should be reversed on the law and the facts and a new trial granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed on the law and facts and new trial granted, with costs to the appellant to abide the event.