MYRNA C. LOWENBEIN, an Infant, by MARTIN COLEMAN, Her Guardian ad Litem, et al., Plaintiffs, *v.* LESTER T. DOYLE, as Trustee in Reorganization of Surface Transportation Corporation of New York, et al., Defendants.

Supreme Court, Trial Term, Bronx County, October 20, 1955.

*Martin Coleman,* in person, and *Leo Eckman* for plaintiffs.

*G. Kuyk* for Patrick J. Lundy and another, defendants.

*A. J. De Cicco* and *R. F. White* for Joseph Pelose and another, defendants.

BONEPARTH, J. This case was tried before the court without a jury. Findings and conclusions were waived.

The infant plaintiffs were passengers in a Surface Transportation bus, going north on Webster Avenue, under the elevated structure. The bus was operated by the defendant Lundy. Defendant Pelose was the owner of a truck (operated by his employee, defendant De Ruggiero) which was proceeding south on Webster Avenue.

The truck had rear doors, which opened to the side; and as it proceeded down Webster Avenue, the doors were tied to the sides of the truck, one on each side, thus leaving the back open.

At some point on Webster Avenue, between cross streets, there was a contact between the left rear door of the truck and the front left corner of the bus, as the vehicles were about to pass each other. The bus driver was thrown to his right and the bus struck one of the pillars supporting the elevated structure, about two feet to the right of the bus. The contact between the bus and the pillar was at a point on the right front of the bus and near the right front seats.

After the accident, when the police arrived, the door from the left side of the truck was found in the roadway, seventeen feet north of the front end of the bus. This door was four feet high, three feet wide, and four inches thick, and had a steel facing one-quarter inch thick. Its weight may be judged by the fact that a tow truck was required to lift it.

The only witnesses, who saw what occurred immediately before the contact, were the defendant Lundy (the bus operator) and a disinterested witness, one Ambrose. Ambrose was driving south on Webster Avenue, some distance behind the truck, and had stopped to make a turn into a garage on Webster Avenue. He observed the bus coming north and the truck going south.

The testimony of these witnesses establishes that, before any contact was made between the truck and the bus, the left door of the truck swung open from the side and struck the bus.

A police officer, who later arrived at the scene of the accident, found in the eyelet on the left side of the truck, a piece of rope and two pieces of wire. The rope and wire were used in an attempt to secure the door to the left side of the truck, instead of a steel rod, part of the truck equipment, which was missing on the left side.

This makeshift fastener of wire and rope was insufficient to hold the door in place, while the truck was in motion. The defendant De Ruggiero knew, when he started from his employer's place of business with the truck, that the steel rod used to hold the door to the left side was missing. Prudence would have dictated that the fastener on the left side be repaired, or that the rear doors be closed, if they could be so securely fastened.

Thus, the negligence of the truck driver and his employer is the cause of the door suddenly parting its insufficient support and striking the bus. They are thus responsible for the events immediately following, to wit, the bus striking the pillar and the resulting injury to the passengers in the bus (*Hancock* v. *Steber*, 208 App. Div. 455; *Abbott* v. *New York Public Lib.*, 263 App. Div. 314, 318; see, also, cases cited 62 A. L. R. 1184–1188).

There was no concurring negligence on the part of the bus driver, and, accordingly, at the end of the case, the motion of the trustee of the bus company and the bus operator to dismiss was granted.

The two infant plaintiffs were passengers in the bus and were seated in the front seats. Both were thrown to the floor when the accident occurred, and both were thereby injured.

The infant Myrna Coleman suffered sprains, cuts and bruises. Her right ear was sutured, and at the time of the trial, almost two years after the accident, she still bears a scar on the right ear, near the lower lobe, and a mark on her right cheek, one and one-half inches long by two inches wide.

The infant Helene L. Fisch suffered a fracture of the tibia and fibula of the right leg with slight displacement of both bones. There is at present a slight displacement and bowing. She was compelled to use crutches till June, 1954, some six months after the accident. To the date of the trial she was required to use orthopedic shoes. Her left leg was injured requiring three or four sutures. She also suffered a fracture of the nasal bone requiring an operation by a plastic surgeon.

Judgment is directed to be entered against defendants Joseph Pelose and Frank De Ruggiero in favor of the plaintiffs in the

following amounts: Myrna Coleman Lowenbein, by her guardian ad litem, $1,250; Martin Coleman, for the amount of medical bills, $100.85; Helene L. Fisch, by her guardian ad litem, $20,000; Sidney J. Fisch, for the amount of his medical bills and other expenses in connection with his daughter's cure, $2,122.04. Exception to defendants.